65628. LEWIS v. CITIZENS & SOUTHERN BANK et al.

DEEN, Presiding Judge.

Lewis entered into a conditional sales contract on May 29, 1981, with Carr Toyota Augusta, Inc. for the purchase of a 1981 Toyota Cressida automobile. The form for the contract was provided by C & S Bank and the contract was subsequently assigned to the bank. On March 31, 1982, Lewis brought suit against the bank and the dealer alleging that the contract violated the federal Truth in Lending Act because the term "annual percentage rate" and "finance charge" were not disclosed "in a clear and conspicuous manner." Lewis appeals from the grant of summary judgment entered in favor of the bank. *Held:*

A cursory examination of the contract shows that the terms in question are in boldface type and are capitalized whereas the other terms are in lighter type and in small case letters.

12 CFR § 226.6 (a) simply provides: "The disclosures required to be given by this part shall be made clearly, conspicuously, in meaningful sequence, in accordance with the further requirements of this section, and at the time and in the terminology prescribed in applicable sections. Except with respect to the requirements of § 226.10, where the terms 'finance charge' and 'annual percentage rate' are required to be used, they shall be printed more conspicuously than other terminology required by this part . . ."

The Eleventh Circuit Court of Appeals has recently affirmed summary judgment in favor of the C & S Bank where an identical claim was raised as to the same contract form. Purzycki v. Citizens and Southern Nat. Bank (No. 82-3145, 11th Cir. Dec. 9, 1982) affirming the lower court decision (No. CV181-207, S.D. Ga. February 25, 1982) (unpublished opinion). We are persuaded by the logic expressed in the cited case and hold accordingly.

*Judgment affirmed. Banke and Carley, JJ., concur.*

Decided March 17, 1983.

*Laronce Beard,* for appellant.
*J. Arthur Davison, John I. Harper, Thomas W. Tucker,* for appellees.